

MAR 0 5 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § § | CASE NUMBER: 4:25-CR-210 |
| v. | | |
| JESUS SANCHEZ (7) | | |

## ORDER RELATING TO PRETRIAL DISCOVERY AND INSPECTION

On the court's own motion, it is ORDERED:

I.

Within five days after the arraignment of the defendant, the attorneys for the government and the defendant shall jointly meet and confer regarding discovery and inspection. On such occasion or on subsequent occasions, upon the request of the defendant:

A.   The government shall disclose to the defendant for inspection, copying or photographing:

(1)   any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government;

(2)   that portion of any written statement containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and

(3)   recorded testimony of the defendant before a grand jury which relates to the offense charged.

B.  The government shall also disclose to the defendant the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent if the government intends to use that statement at trial.

C.  The government shall furnish to the defendant such copy of the defendant's prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

D.  The government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

E.  The government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

F.  The government shall permit defendant's attorney to inspect and copy or photograph any evidence favorable to the defendant.

II.

Except as provided in subsections IA, B, C, and E hereof, this order does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by

the attorney for the government or other government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. §3500.

## III.

This order does not relate to discovery or inspection of recorded proceedings of a grand jury, except as provided in subsection IA(3) hereof.[1]

## IV.

If additional discovery or inspection is sought, defendant's attorney shall confer with the appropriate attorney for the government within ten days of the arraignment, with a view to satisfying defendant's requests in a cooperative atmosphere, without recourse to the court. The request may be oral or written.

## V.

If, in the judgment of the attorney for the government, it would not be in the interest of justice to disclose any one or more of the matters set forth in subsections IA(1), (2), (3), and section IB hereof that may have been requested by the defendant, such attorney for the government may decline to disclose such matter or matters. In such event, the attorney for the government shall forthwith prepare and serve upon defendant's attorney a written statement specifying the matters to which defendant's attorney will not be permitted access. If the attorney for the defendant thereafter seeks to challenge the declination, he shall proceed pursuant to Section VI, below.

## VI.

---

[1] Reference is made to such discovery and inspection in certain of the Federal Rules of Criminal Procedure, specifically: Rule 6 (concerning, inter alia, exceptions to secrecy of matters occurring before the grand jury); Rule 26.2 (regarding production of statements of witnesses); and Rule 12(i) (pertaining to production of statements at a suppression hearing).

In the event that agreement could not be reached, and defendant thereafter moves for the matters which the government has declined to produce, his or her written motion shall be filed within twenty days after the arraignment. It shall contain:

    (A)    the statement that the prescribed conference was held;

    (B)    the date of said conference;

    (C)    the name of the attorney for the government with whom conference was held; and

    (D)    a description of the matters sought; and the statement that agreement could not be reached concerning the discovery or inspection of them to defendant.

## VII.

As an alternative to the declination procedures set forth in Section V, the attorney for the government, upon motion, to be filed promptly, and to be inspected by the court alone, may seek an order from the court that defendant's discovery or inspection be denied, restricted, or deferred with regard to the matters requested by the defendant, or for such other order as may be appropriate. If the court finds that a sufficient ex parte showing has been made by the government's attorney, it may enter an order granting relief, in whole or in part. The entire text of the government's motion and any supporting documents shall be sealed and preserved in the records of the court, in order that it may be made available to an appellate court, in the event of an appeal.

## VIII.

Any duty of disclosure and discovery set forth in this order is a continuing one; and the attorney for the government shall produce timely any additional information gained by the government.

So ORDERED and SIGNED this 5th day of March, 2026.

_____
Bill Davis
United States Magistrate Judge