**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 4:25-CR-210-JDK** |
| | § | |
| **LONNIE LEE BLOYS** | § | |

## ORDER REVOKING PRETRIAL RELEASE

A United States pretrial-services officer petitioned the court, Dkt. 82, to require the defendant to show cause why his pretrial release should not be revoked based on violation of conditions stated in his pretrial-release order, Dkt. 18.

The court held an evidentiary hearing on the petition on March 19, 2026. The defendant, his counsel, and counsel for the government were present. Four exhibits were admitted, and two witnesses testified.

As discussed at some length at the hearing, a provision of the Bail Reform Act, codified at 18 U.S.C. § 3148, governs this type of proceeding. Under that provision, a person who violates a condition of his or her pretrial release is "subject to a revocation of release, an order of detention, and a prosecution for contempt of court." *Id.* § 3148(a). The court "shall" order revocation and detention under § 3148 if it finds two things: *first*, that there is "(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release"; and *second*, that "(A) based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." *Id.* § 3148(b)(1)–(2).

For the reasons stated on the record at the hearing, the court finds that the evidence supports at least one finding in each of those two categories. The defendant correctly conceded at the

hearing that the requirement stated in § 3148(b)(1) was satisfied. And in the course of making and announcing its oral ruling, the court considered and rejected the defendant's argument under § 3148(b)(2), including the part of that argument based on the factors set forth in § 3142(g). The evidence presented at the hearing supported the conclusion that the defendant is unlikely to abide by a condition of release, and when that finding is made alongside a § 3148(b)(1) finding in the government's favor, "[t]he judicial officer shall enter an order of revocation and detention." 18 U.S.C. § 3148(b).

It is **ORDERED** that the defendant's pretrial release is **REVOKED** and that he be **DETAINED** pending trial or further order of the court. The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from people awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

So **ORDERED** and **SIGNED** this 20th day of March, 2026.

_____
Bill Davis
United States Magistrate Judge